OPINION
{¶ 1} Appellants appeal the March 2, 2005, decision of the Stark County Court of Common Pleas.
{¶ 2} Appellee is Elizabeth Bergmeyer.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} On June 22, 2004, Appellee Elizabeth Bergmeyer filed a Complaint in the Stark County Court of Common Pleas against Appellant Helen DeLong and the corporation known as the Short Stop Inn, Inc. Garry DeLong is also named as a defendant in the Complaint. Appellee also served upon Appellants Interrogatories and Request for Production of Documents.
{¶ 4} On July 23, 2004, service of the Complaint, Interrogatories and Request for Production was obtained upon Appellant Helen Delong in her individual capacity and as statutory agent for the Short Stop Inn, Inc. Said service was obtained through regular mail as the certified mail was returned unclaimed.
{¶ 5} On July 29, 2004, Appellee received Appellant DeLong's answers to the First Set of Interrogatories and Request for Production of Documents. Said documents contained Appellant DeLong's signature.
{¶ 6} Appellant Delong did not file an Answer to the Complaint.
{¶ 7} On August 23, 2004, Appellee Bergmeyer filed a Motion for Default Judgment and a Motion for Temporary Restraining Order.
{¶ 8} On August 24, 2004 the trial court granted the temporary restraining order and scheduled a preliminary injunction hearing for August 31, 2004.
{¶ 9} On August 26, 2004, the trial court granted the motion for default judgment against Appellant Helen DeLong in her individual capacity and in her capacity as statutory agent for the Short Stop Inn, Inc. A damages hearing was also set for August 31, 2004.
{¶ 10} On August 31, 2004, Appellant DeLong appeared at the court and at the urging of the trial court, requested a continuance of the hearing to obtain legal counsel.
{¶ 11} On September 1, 2004, Appellants' counsel filed a notice of appearance and moved the trial court to continue the hearing set for September 13, 2004, to September 24, 2004.
{¶ 12} On September 24, 2004, Appellants filed a motion to vacate the default judgment. Said motion did not contain an affidavit in support.
{¶ 13} On October 5, 2004, Appellants filed an amended motion to vacate the default judgment which included an affidavit signed by Helen DeLong.
{¶ 14} A hearing was held on the Amended Motion to Vacate on October 29, 2004.
{¶ 15} On November 3, 2004, the trial court entered judgment denying Appellants' Amended Motion to Vacate on the grounds that Appellants failed to show that they were entitled to relief from judgment under Civ.R. 60(B). The trial court scheduled a damages hearing for December 10, 2004.
{¶ 16} On November 29, 2004, Appellants filed a Notice of Appeal with this Court seeking to appeal the trial court's denial of the motion to vacate. This Court found that the November 3, 2004, judgment entry denying Appellants' motion to vacate was not a final, appealable order because the issue of damages had not been addressed or determined and dismissed said appeal for lack of jurisdiction.
{¶ 17} On January 26, 2005, the trial court filed a Judgment Entry scheduling the damages hearing for February 25, 2005.
{¶ 18} On January 31, 2005, Appellant DeLong filed a Motion to File Answer Instanter, which the trial court denied.
{¶ 19} On February 25, 2005, the trial court conducted a hearing on damages.
{¶ 20} By Judgment Entry filed March 2, 2005, the trial court entered final judgment in favor of Appellee Bergmeyer, awarding her $42,254.72 on her claims, $3,210.00 in attorney fees and court costs and $12,500.00 for punitive damages.
{¶ 21} Appellants now appeal, assigning the following as error:
 ASSIGNMENTS OF ERROR
{¶ 22} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO VACATE ITS JUDGMENT UNDER OHIO RULE OF CIVIL PROCEDURE 60(B)(5).
{¶ 23} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO GRANT LEAVE TO DEFENDANT, HELEN DELONG, ET AL., TO FILE HER ANSWER INSTANTER."
 I.
{¶ 24} In the first assignment of error, Appellants argue that the trial court erred in failing to grant their motion to vacate the default judgment. We disagree.
{¶ 25} The standard of review of a trial court's ruling on a Civ.R. 60(B) motion is abuse of discretion. GTE Automatic Elec., Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. Therefore, we must determine whether the trial court abused its discretion in overruling appellants' motion for relief from judgment.
{¶ 26} Civ.R. 60(B) provides as follows, in pertinent part:
{¶ 27} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
{¶ 28} A movant for relief from judgment under Civ.R. 60(B) must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. GTE Automatic Electric, Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.
{¶ 29} The movant must submit factual material with his motion which demonstrates grounds which, if true, would constitute a defense to the action. E.g., Matson v. Marks (1972), 32 Ohio App.2d 319, 327,291 N.E.2d 491. The motion must be supported with evidence of at least affidavit quality. East Ohio Gas v. Walker (1978), 59 Ohio App.2d 216,220, 394 N.E.2d 348. Bare assertions of fact do not entitle the movant to relief. Mount Vernon Farmer's Exchange v. McKee, (Dec. 8, 1999), Knox App. No. 98-CA-27, unreported, 2000 WL 1444 (citing East Ohio Gas v.Walker (1978), 59 Ohio App.2d 216, 394 N.E.2d 348 Kay v. MarcGlassman, Inc. (1996), 76 Ohio St.3d 18, 665 N.E.2d 1102).
{¶ 30} On appeal, appellant only presents arguments pursuant to Civ.R. 60(B)(5). Civil Rule 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment. Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, 448 N.E.2d 1365. This catch-all provision is to be used in the extraordinary and unusual case when the interest of justice warrants it. Cerney v. Norfolk W. Ry. Co. (1995), 104 Ohio App.3d 482,662 N.E.2d 827. The grounds for invoking this provision should be substantial. Caruso-Ciresi, supra.
{¶ 31} While Appellants attempt to classify their claim under Civ. R. 60(B)(5), we find the arguments fit more appropriately under Civ. R. 60(B)(1). Appellants are essentially arguing that the failure to file an Answer was a mistake or excusable neglect because she did not obtain legal counsel.
{¶ 32} The trial court did not find such failure to obtain counsel or file an answer excusable. Appellants offer no argument as to why such failure should be excusable nor do Appellants put forth a meritorious defense in their brief.
{¶ 33} Upon review, we find the trial court did not abuse its discretion when it failed to find appellants' failure to file an Answer was excusable neglect.
{¶ 34} Appellants' first assignment of error is overruled.
 II.
{¶ 35} In the second assignment of error, Appellants argue that the trial court's denial of their motion for leave to answer instanter was an abuse of discretion. We disagree.
{¶ 36} Our standard of review regarding a trial court's decision to deny leave to file an answer instanter is also abuse of discretion.Toledo v. Stuart (1983), 11 Ohio App.3d 292, 293, 465 N.E.2d 474. Again, in order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. It is based upon this standard that we review appellant's second assignment of error.
{¶ 37} Appellants argue that the trial court abused its discretion in denying their motion for leave to answer instanter because it granted Defendant Garry DeLong's motion to file his answer instanter.
{¶ 38} Upon review, we find that the facts surrounding defendant Garry DeLong were different in that a default judgment was not obtained against him prior to his moving the trial court for leave to answer.
{¶ 39} Again, we find no abuse of discretion by the trial court in denying the motion for leave to answer Instanter.
{¶ 40} Appellants' second assignment of error is overruled.
{¶ 41} This cause is affirmed.
Boggins, P.J., Hoffman, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, is affirmed. Costs assessed to appellant.