DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, James Bennett ("Father"), appeals from the decision of the Summit County Court of Common Pleas, Domestic Relations Division, which denied his motion to reduce his child support payments to Appellee, Patricia Bennett ("Mother"). We affirm.
 {¶ 2} Father and Mother were married in June 1966. Mother filed a complaint for divorce from Father in May 1975. Four children were borne of the marriage, the youngest of which was born in 1970. All of the children are emancipated.
 {¶ 3} On March 28, 2000, Father and Mother appeared before a Domestic Relations Division magistrate, who ordered that Father's payment towards support arrearages be set at $389.80. Father filed objections to the magistrate's decision, stating the magistrate erred in computing Father's income and improperly computed interest on the back child support. A hearing was held before an administrative officer, who made the subsequent findings on October 10, 2000, that Father's sole income was from Social Security in the amount of $679.00 per month. The hearing officer ordered the withheld amount to remain at $389.80 for past due arrears.
 {¶ 4} The Summit County Child Support Enforcement Agency (CSEA) conducted an administrative hearing on June 7, 2001, which ordered that CSEA issue a withholding order to Social Security and Father's income be withheld in the amount of $389.80 for past due support. Father filed a motion to review this order, and the trial court stayed CSEA's Administrative Determination Order on July 27, 2001. On November 5, 2001, a magistrate's decision stated that $389.80 should be withheld from Father's income, and that Father was $46,854.15 in arrears.
 {¶ 5} On June 21, 2002, another hearing officer issued a determination in response to Father's mistake of fact request, which sought a reduction in the amount of child support owed. The hearing officer denied Father's request for reduction and affirmed the monthly amount of support as $389.90. Father filed another request for a Mistake of Fact hearing on that day.
 {¶ 6} On August 23, 2002, after a review of the CSEA recommendation, the trial court reduced Father's amount owed by approximately $15,000 and reduced the monthly arrearage payment to $50.00. Mother objected, and the trial court subsequently sustained the objection, vacated the order and set the case for additional review.
 {¶ 7} The hearing to review the August 23, 2002, decision was held on Jnauary 27, 2003. Mother did not appear for the hearing, and the trial court subsequently dismissed Mother's motion for remand because she did not appear at the hearing. The trial court upheld the previous decision to reduce Father's arrearage amount by $15,000 and reduce the monthly arrears payment to $50.00.
 {¶ 8} After conducting another hearing, the trial court issued a decision on July 9, 2003, which stated Father owed an arrearage of $44,932.23 through May 2002 and increased his monthly support payment to $100.00. Mother filed an objection to the trial court's decision.
 {¶ 9} On October 3, 2003, the trial court sustained Mother's objections and ordered that the monthly arrearage payment be increased to $389.90. Father filed a motion to reduce his monthly payments on December 21, 2004.
 {¶ 10} A magistrate issued another decision on March 30, 2005, stating that Father owes approximately $39,000 in arrears, that he receives Social Security Disability in the amount of $776.80 per month. The magistrate again reduced Father's monthly payment to $50.00. Mother filed an objection to this decision, and the trial court sustained this objection on June 20, 2005, for the same reasons as contained in the Judgment Entry dated October 3, 2003.
 {¶ 11} Father appealed, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The Trial Court erred by denying Appellant James Bennett's Motion to Reduce Child Support Payments in violation of Ohio Domestic Relations Law, including specifically [R.C.] 3119.021 and 3119.06."
 {¶ 12} In his only assignment of error, Father argues that the trial court erred when it failed to reduce his child support obligation to $50.00 per month, thus requiring him to continue to pay $389.80 per month to Mother. Specifically, Father contends that because he is unemployed and his only income is from Social Security Disability benefits, his payments should remain at $50.00 per month, under R.C. 3119.06. We disagree.
 {¶ 13} "A decision regarding the modification of child support will not be disturbed absent an abuse of discretion by the trial court." Humiston v. Humiston, 9th Dist. No. 04CA0076-M, 2005-Ohio-4363, at ¶ 14, citing Booth v. Booth
(1989), 44 Ohio St.3d 142, 144. An abuse of discretion suggests more than an error of law or judgment, but instead implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Absent an abuse of discretion, an appellate court may not substitute its judgment for that of the trial court. Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 14} Father cites R.C. 3119.06 in support of his argument that his child support payments should be reduced to $50.00 per month, as ordered by the magistrate's decision in March 2005, or, alternatively, the payments should be no more than $140.58 per month. Father receives Social Security Disability payments in the amount of $870.80 per month. R.C. 3119.06 establishes a minimum support order of $50.00 per month and states:
"The court, in its discretion and in appropriate circumstances, may issue a minimum child support order requiring the obligor to pay less than fifty dollars a month or not requiring the obligor to pay an amount for support. The circumstances under which a court may issues such an order include the nonresidential parent's medically verified or documented physical or mental disability * * * or any other circumstances considered appropriate by the court."
Father also cites R.C. 3119.05 and 3119.06 in support of his argument that his payments should be suspended because he is receiving need-based public assistance. R.C. 3119.05(I) states that if a parent receives means-tested public assistance benefits, the court shall not determine that the parent is voluntarily unemployed or underemployed and shall not impute income to the parent. However, this section also states that income may be imputed when to not do so would be "unjust, inappropriate, and not in the [child's] best interest." Id. Father argues that this Court should not use his Social Security payments to provide for his emancipated children while he is using such payments to provide for himself and his current spouse.
 {¶ 15} This Court is not persuaded by Father's arguments and we find his reliance on R.C. 3119.05 and 3119.06 to be misguided. First, the payments which Father is contesting are not child support payments, but are arrearage payments from when he did not fulfill his child support obligations. Father has an arrearage of over $39,000, according to the trial court's June 20, 2005, journal entry, from his failure to pay child support when his children were of minor age. Second, even if the payments at issue were child support payments, it is within the trial court's discretion to modify them. To fail to do so is not an abuse of discretion.
 {¶ 16} R.C. 3123.14 provide for the collection of an arrearage when a child support order has terminated. This section states, in pertinent part:
"the amount withheld or deducted from the obligor's personal earnings, income or accounts shall be at least equal to the amount that was withheld or deducted under the terminated child support order."
Therefore, we affirm the trial court's decision that because Father was ordered to pay $389.80 per month for past due support since March 2000, his arrearage support payment should remain at $389.80.
 {¶ 17} Father's assignment of error is overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J., Moore, J., Concur.