OPINION
{¶ 1} Appellant Licking County Child Support Enforcement Agency (CSEA) appeals the decision of the Licking County Court of Common Pleas, Domestic Relations Division, in which the trial court denied the CSEA's motion for leave to file objections, motion for extension of time to file objections, and motion for extension of time to request trial transcript. Appellee is second petitioner Walter Messer, Jr.
 STATEMENT OF FACTS AND CASE {¶ 2} The facts relevant to the within appeal are as follows: First petitioner Georgia Messer and second petitioner Walter R. Messer, Jr. were married on January 10, 1982. The couple had two children: Candace, born November 1, 1982; and, Drew, born April 1, 1991. On or about April 14, 1993, Georgia Messer filed a petition for dissolution of marriage with the Court of Common Pleas of Licking County, Domestic Relations Division. A Decree of Dissolution of Marriage was filed on May 18, 1993, which provided, inter alia, that Walter Messer, Jr. was to pay child support in the amount of $600.00 per month, plus poundage.
 {¶ 3} On December 9, 2004, the CSEA filed a motion for judgment pursuant to R.C. 3123.18 in which it moved the court for an order granting judgment against the second petitioner for child support arrearages in the amount of $61,297.73, plus statutory interest, for an order for $150.00 per month, plus a processing charge to be paid on the arrears. Motions were filed by the second petitioner and third party petitioners on the issue of support and arrearages. On August 31, 2005, the magistrate conducted a hearing on the support and arrearage issues.
 {¶ 4} The magistrate filed his decision on September 13, 2005, in which he found, inter alia, that the second petitioner had no arrearages. Copied on the magistrate's decision were the attorney for the second petitioner, the second petitioner, the third party petitioners, and the fourth party petitioner.[1] Neither the CSEA nor the Special Assistant Prosecuting Attorney who had filed the December 9, 2004, motion for judgment were copied on the magistrate's September 13, 2005, decision.
 {¶ 5} On September 28, 2005, the court issued an opinion in which it adopted the magistrate's decision, and ordered that counsel for the second petitioner prepare a judgment entry. Copied on the court's opinion were the attorney for the second petitioner, the attorney for the third party petitioners, the first petitioner, and the fourth party petitioner. Neither the CSEA nor the Special Assistant Prosecuting Attorney who had filed the December 9, 2004, motion for judgment were copied on the court's September 28, 2005, opinion.
 {¶ 6} On September 29, 2005, counsel for the second petitioner faxed a proposed judgment entry to the CSEA for approval, at which time counsel for the CSEA first became aware of the magistrate's September 13, 2005, decision and the trial court's September 28, 2005, opinion. On October 3, 2005, counsel for the CSEA served upon the court and all named parties a motion for leave to file objections, motion for extension of time to file objections and motion for extension of time to request trial transcript. (The CSEA's motion was not time stamped by the court until November 14, 2005; however, on October 5, 2005, the second petitioner filed a memorandum contra to CSEA objections.) On November 14, 2005, the trial court issued a judgment entry in which it denied the CSEA's motions. In addition, the trial court entered a separate judgment entry in which it adopted the magistrate's September 13, 2005, decision. The CSEA filed a notice of appeal on December 9, 2005, raising the following assignment of error:
 {¶ 7} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION, TO THE PREJUDICE OF APPELLANT, WHEN THE COURT FAILED TO GRANT APPELLANT'S MOTION FOR LEAVE TO FILE OBJECTIONS, MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS AND MOTION FOR EXTENSION OF TIME TO REQUEST TRIAL TRANSCRIPT."
 {¶ 8} Appellant, in its sole assignment of error, contends that the trial court erred and abused its discretion, to the prejudice of appellant, when the court failed to grant appellant's motion for leave to file objections, motion for extension of time to file objections and motion for extension of time to request trial transcript. We agree.
 {¶ 9} A trial court has broad discretion in deciding whether or not to grant a request for leave, and an appellate court cannot reverse the trial court's order absent an abuse of discretion. See, generally, Bergmeyer v. Delong, 5th Dist. App. No. 2005CA00079, 2005-Ohio-5400, at ¶ 35. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, 1142. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio St. Med. Bd. (1993),66 Ohio St.3d 619, 621, 614 N.E.2d 748, 751. Further, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 10} In the case sub judice, the oral hearing on support and arrearages was conducted in response to the motion for judgment filed by appellant CSEA on December 9, 2004. Counsel for the CSEA was present at the hearing. However, the CSEA was copied on neither the magistrate's September 13, 2005, decision nor the trial court's September 28, 2005, opinion. In fact, the appellant only became aware of the magistrate's decision and court's opinion when contacted by counsel for the second petitioner to approve a proposed judgment entry memorializing the decision and opinion, after the time within which to file objections to the magistrate's decision had expired.
 {¶ 11} "At a minimum, due process of law requires notice and an opportunity to be heard." State v. Thrower (1989), 62, Ohio App. 3d 359, 381, 575 N.E.2d 863, citing Mathews v. Eldridge
(1976), 424 U.S. 319 and Goss v. Lopez (1975), 419 U.S. 565. Although the Thrower case is distinguishable on its facts from the case at hand, the Ninth District Court of Appeals' statement regarding notice and due process has broad application.
 {¶ 12} At a minimum, the concepts of fundamental fairness and due process demand that the CSEA should have received notice of the magistrate's decision and court's opinion. This is true regardless of whether the CSEA is a party to the cause of action, since the court accepted the CSEA's motion for judgment, conducted an oral hearing on the motion, and rendered a decision on it. Just as a non-party who files a motion to intervene is entitled to receive notice of the court's decision on said motion to intervene, so too was the CSEA entitled to notice of the magistrate's decision and court's opinion on its motion for judgment.
 {¶ 13} We find that a copy of both the magistrate's September 13, 2005, decision and the court's September 28, 2005, opinion should have been sent to counsel for the CSEA. Accordingly, we find that because the CSEA did not receive timely notice from the court regarding the decision and opinion, the trial court erred and abused its discretion in denying the CSEA's motion for leave to file objections, motion for extension of time to file objections, and motion for extension for time to request trial transcript.
 {¶ 14} Appellant CSEA's sole assignment of error is sustained.
 {¶ 15} The judgment of the Licking County Court of Common Pleas, Domestic Relations Division, is reversed and remanded for proceedings consistent with this opinion and the law.
By: Edwards, J., Farmer, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is reversed and remanded. Costs assessed to appellee, Walter Messer, Jr.
[1] The minor child's paternal grandparents intervened, and were designated third party petitioners; the minor child's maternal grandmother intervened, and was designated fourth party petitioner.