[Cite as *Saari v. Lorain Cty. Child Support Enforcement Agency*, 2011-Ohio-2198.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

PATRICIA A. SAARI

    Appellee

    and

SCOTT L. SAARI

    Appellee

    v.

LORAIN COUNTY CHILD SUPPORT
ENFORCEMENT AGENCY

    Appellant

C.A. No.     10CA009905

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    07DR068346

DECISION AND JOURNAL ENTRY

Dated: May 9, 2011

MOORE, Judge.

{¶1}    Appellant, Lorain County Child Support Enforcement Agency, appeals the order of the Lorain County Court of Common Pleas. This Court reverses and remands to the trial court for proceedings consistent with this opinion.

I.

{¶2}    Patricia and Scott Saari were married in June 2004. Mrs. Saari filed for divorce in September 2007. On May 12, 2008, the trial court found that the couple's prenuptial agreement was valid and enforceable, but held that the waiver of spousal support was unconscionable. On October 31, 2008, the trial court granted a divorce to the parties and awarded $4,000 per month in spousal support to Mrs. Saari. Mr. Saari was ordered to make these payments to Mrs. Saari

through the Lorain County Child Support Enforcement Agency ("CSEA"). Mr. Saari was also ordered to pay a 2% processing charge to CSEA for collection and distribution of the spousal support.

{¶3} Mr. Saari appealed and filed a motion for relief pending appeal seeking a stay on the payment of spousal support. The motion was denied. On September 21, 2009, this Court reversed the trial court's ruling that found the waiver of spousal support unconscionable and remanded to the trial court.

{¶4} On June 23, 2010, the trial court issued a judgment entry pursuant to this Court's remand. It ordered CSEA to reimburse Mr. Saari the $1,030.23 in processing fees that had been collected for distribution of the spousal support. On August 27, 2010, CSEA filed a motion to intervene and motions to vacate/for relief from judgment. On September 16, 2010, an oral hearing was held on the motions and the trial court denied CSEA's motion to vacate and for relief from judgment in a journal entry that same date. On September 24, 2010, the trial court granted CSEA's motion to intervene.

{¶5} CSEA timely filed notice of appeal and raises a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

"THE TRIAL COURT ERRED IN DENYING CSEA'S MOTION TO VACATE/FOR RELIEF FROM JUDGMENT BECAUSE THE TRIAL COURT LACKED JURISDICTION OVER CSEA TO ISSUE THE UNDERLYING ORDER."

{¶6} In its first assignment of error, CSEA contends that the trial court erred in denying CSEA's motion to vacate/for relief from judgment. We agree.

{¶7} It is important for this Court to acknowledge the unique role that CSEA plays in trial court proceedings. CSEA was established pursuant to R.C. 3125.03 so that it could enforce support orders, oversee the collection of support obligations, and perform other actions associated with child support enforcement. Under certain circumstances, CSEA must also collect spousal support. See Ohio Adm.Code 5101:12-1-10. In addition, CSEA has the ability to appear as a party before the courts to ensure that both a child's interests are protected, as well as the pecuniary interest of the state. See, e.g., *Cuyahoga Cty. Support Enforcement Agency v. Lozada* (1995), 102 Ohio App.3d 442; *Matter of Krumins* (Oct. 26, 1995), 8th Dist. No. 68824.

{¶8} It is not uncommon for courts to include orders to CSEA, directing the agency to take certain action in divorce decrees. There are also instances where CSEA has been ordered to pay attorney's fees in accordance with R.C. 2323.51(B). See *Hollon v. Hollon* (1996), 117 Ohio App.3d 344. Here, however, CSEA had previously been ordered by the trial court to collect processing fees from Mr. Saari. When the case was appealed, this Court remanded with certain instructions. The trial court on remand ordered CSEA to reimburse to Mr. Saari the a portion of the processing fees it had previously collected under R.C. 2301.35(H)(1).

{¶9} The agency argues that it was deprived of due process of law inasmuch as it was not a party to the litigation nor was given an opportunity to be heard on the issue of whether it should be required to reimburse fees. We conclude that in instances such as this where the agency is ordered to reimburse fees previously collected, it should, at minimum, be afforded notice of such action and be given the opportunity to present its objections to such a decision.

{¶10} *Messer v. Messer*, 5th Dist. No. 2005CA00128, 2006-Ohio-4833, involved a divorce action in which CSEA appeared and filed on behalf of the wife a motion for an order granting it judgment against the husband for child support arrearages pursuant to R.C. 3128.18.

Id. at ¶3. The Court of Common Pleas, Domestic Relations Division, adopted the magistrate's opinion that husband was not in arrears. Id. at ¶5. The court adopted the magistrate's order. Id. Neither CSEA nor the Assistant Prosecutor who had filed the motion was copied on the court's order. Id. When CSEA moved to file objections to the magistrate's order, the trial court denied CSEA's motion to file objections, or for leave to have a transcript prepared. Id. at ¶6. Reversing the trial court, the Fifth District recognized, that "'[a]t a minimum, due process of law requires notice and an opportunity to be heard.'" Id. at ¶11, quoting *State v. Thrower* (1989), 62 Ohio App.3d 359, 381. The court concluded that the concepts of "fundamental fairness and due process demand that the CSEA should have received notice of the [decisions]." Id. at ¶12. This was true "regardless of whether the CSEA [was] a party to the cause of action[.]" Id.

{¶11} In this case, the CSEA was never provided notice that the trial court was going to issue an order to it for reimbursement of Mr. Saari's processing fees. Thus, it was not afforded an opportunity to present objections to such an order. This Court concludes that CSEA was entitled to notice and an opportunity to be heard upon the reimbursement order entered on this case. We must reverse the judgment ordering CSEA to reimburse Mr. Saari for the $1,030.23 processing fee. CSEA's sole assignment of error is sustained.

III.

{¶12} CSEA's sole assignment of error is sustained. The trial court's judgment ordering CSEA to reimburse the processing fee is reversed and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

CARLA MOORE
FOR THE COURT

WHITMORE, J.
BELFANCE, P. J.
CONCUR

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and MATTHEW A. MISHAK, Assistant Prosecuting Attorney; for Appellant.

PATRICIA A. SAARI, pro se, Appellee.

SCOTT L. SAARI, pro se, Appellee.