[Cite as *Curran v. Kelly*, 2012-Ohio-218.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

MARGARET M. CURRAN

    Appellee

    v.

MICHAEL E. KELLY

    Appellant

C.A. No.      10CA0139-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     97PA0151

DECISION AND JOURNAL ENTRY

Dated: January 23, 2012

---

CARR, Presiding Judge.

{¶1} Appellant, Michael E. Kelly, appeals the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, which denied his motion to terminate or reduce the amount of his child support arrearages payment. This Court affirms.

I.

{¶2} In 1997, appellee, Margaret Curran, filed a complaint against Kelly to establish paternity of a child born in 1989. Thirteen months later, Kelly acknowledged paternity. The trial court established a child support arrearage for Kelly in the amount of $96,226.13, child support in the amount of $951.36 per month, and an arrearage payment in the amount of $500.00 per month, plus a two percent processing fee on the whole amount. Over the years, Ms. Curran and the Medina County Child Support Enforcement Agency ("CSEA") filed various motions for contempt based on Kelly's failure to pay support and Kelly filed motions to modify the child support and arrearage payments. On December 9, 2004, the trial court issued a judgment entry

ordering Kelly to pay $280.02 per month for current child support and $250.00 per month on the arrearage.

{¶3} On May 23, 2008, a notice of termination of child support was filed based on the child's emancipation. CSEA recommended that child support in the amount of $280.02 terminate and that Kelly pay $530.02 per month, plus processing fee, towards his accumulated arrearage of $111,366.79. The recommended monthly arrearage payment mirrored the prior monthly payment that had included amounts for both current child support and arrearages. On July 29, 2008, the domestic relations court accepted CSEA's recommendations, terminated Kelly's current child support obligation based on the child's emancipation, and ordered Kelly to pay $530.02 per month ($540.62, including a 2% processing fee) toward his $111,366.79 arrearage. Kelly did not appeal this judgment.

{¶4} On November 12, 2009, Kelly filed a motion to either terminate his obligation to pay the child support arrearages or, in the alternative, to modify his monthly obligation to what he termed the "statutory minimum payment authorized by law ($50.00/mo.)." The matter proceeded to hearing before the magistrate, who recommended that Kelly's motion be denied. The trial court adopted the magistrate's decision the same day. Kelly filed timely objections to the magistrate's decision. After holding a hearing on the objections, the trial court overruled them, reaffirmed its prior judgment adopting the magistrate's decision, and denied Kelly's motion to terminate the child support arrearages or reduce his monthly obligation to $50.00. Kelly filed a timely appeal, raising three assignments of error. We consolidate some assignments of error to facilitate review.

II.

**ASSIGNMENT OR ERROR I**

THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING DEFENDANT-APPELLANT WAS "NOT ENTITLED" TO TERMINATE OR MODIFY CHILD SUPPORT ARREARAGES.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING DEFENDANT-APPELLANT WAS "REQUIRED" TO CONTINUE PAYING $540.63 PER MONTH ON ARREARAGES INSTEAD OF $280.02.

**{¶5}** Kelly argues that the trial court committed plain error and/or abused its discretion by denying his motion to terminate his arrearage obligation; reduce his monthly obligation to $50.00; or reduce his monthly obligation to $280.02, the amount of his prior child support payment exclusive of his arrearage payment. This Court disagrees.

**{¶6}** In cases where the matter was initially heard by a magistrate who issued a decision to which objections were filed and disposed, "[a]ny claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." *Mealey v. Mealey*, 9th Dist. No. 95CA0093, 1996 WL 233491 (May 8, 1996). Kelly challenges the domestic relations court's application of R.C. 3123.14 in rendering its judgment. "An appellate court's review of the interpretation and application of a statute is de novo [and we may] not give deference to a trial court's determination [in that regard.]" *In re Barberton-Norton Mosquito Abatement Dist.*, 9th Dist. No. 25126, 2010-Ohio-6494, at ¶11. Accordingly, because we must review the trial court's application of R.C. 3123.14 to this matter de novo, we may not consider Kelly's argument that the trial court abused its discretion by failing to terminate or reduce his arrearage obligation.

{¶7} In regard to Kelly's plain error argument, the Ohio Supreme Court has held that "in appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122-123 (1997).

{¶8} R.C. 3123.14 states:

If a child support order is terminated for any reason, the obligor under the child support order is or was at any time in default under the support order and, after the termination of the order, the obligor owes an arrearage under the order, the obligee may make application to the child support enforcement agency that administered the child support order prior to its termination or had authority to administer the child support order to maintain any action or proceeding on behalf of the obligee to obtain a judgment, execution of a judgment through any available procedure, an order, or other relief. If a withholding or deduction notice is issued pursuant to section 3121.03 of the Revised Code to collect an arrearage, the amount withheld or deducted from the obligor's personal earnings, income, or accounts shall be at least equal to the amount that was withheld or deducted under the terminated child support order.

{¶9} Although Kelly argues that the statutory provision confers on the trial court "limited authority" to determine the amount of an obligor's monthly arrearage payment, he concedes that this amount may not be less than the amount ordered under the terminated child support order. Because the amount ordered under the terminated child support order was more than $50.00, the trial court had no authority to grant the relief requested by Kelly, specifically a termination of his obligation to pay off his arrearage or a reduction of his monthly payment to $50.00. Accordingly, the trial court committed no error in this regard in denying his motion.

{¶10} Kelly next argues that the trial court committed plain error by failing to reduce his monthly arrearage obligation to $280.02, the amount he previously had been ordered to pay for his current monthly child support obligation. At the same time, however, he was ordered to pay

an additional $250.00 per month toward his arrearages which totaled in excess of $100,000.00. In addition, he was ordered to pay a two percent processing fee on both amounts, so that his total monthly obligation was $540.62.

{¶11} In rendering its decision, the trial court relied on this Court's decision in *Bennett v. Bennett*, 9th Dist. No. 22798, 2006-Ohio-1305, a case completely on point with the underlying matter. In *Bennett*, after all the children were emancipated, the trial court ordered the father to pay $389.80 per month towards support arrearages. After a series of challenges, the magistrate reduced father's monthly arrearage payment to $50.00, later increased it to $100.00, and finally again reduced it to $50.00. After the mother challenged these orders, the trial court increased the father's monthly arrearage payment to its original amount of $389.80. The father appealed. This Court held, in reliance on R.C. 3123.14, that "because Father was ordered to pay $389.80 per month for past due support since March 2000, his arrearage support payment should remain at $389.80." *Id.* at ¶16.

{¶12} This case is analogous to the situation in *Bennett*. After his current child support obligation terminated in 2008, Kelly was ordered to pay $530.02 per month towards his arrearage, plus a two percent processing fee, for a total of $540.62 per month. He did not appeal that order. More than a year later, he moved to terminate or reduce the monthly payment. Based on this Court's application of R.C. 3123.14 in *Bennett*, because Kelly previously had been ordered to pay $540.62 per month towards his arrearage support payment at the time his current support order terminated, his arrearage obligation should remain at $540.62 per month, and the trial court had no authority pursuant to law to reduce his monthly payment amount. Accordingly, the trial court did not err by failing to reduce his payment towards his arrearage to the amount he was ordered to pay solely for current child support prior to the child's

emancipation. The trial court correctly determined that Kelly was not entitled to the relief sought as a matter of law.

**{¶13}** Kelly further implies that the trial court had the authority to refuse to impose a processing fee and that it erred in imposing one. R.C. 3119.27(A), however, mandates that the trial court "shall impose on the obligor under the support order a processing charge that is the greater of two per cent of the support payment to be collected under a support order or one dollar per month." It has long been recognized that an administrative agency is entitled to compensation for assuming the risks associated with the handling and disbursement of funds in proportion to the amount of those funds and that a two percent fee is reasonable. *See Granzow v. Bur. of Support of Montgomery Cty.*, 54 Ohio St.3d 35, 38 (1990). CSEA will continue to handle and process Kelly's arrearage payments. Moreover, Kelly has failed to argue how the imposition of the processing fee "seriously affect[ed] the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss*, 79 Ohio St.3d at 122-123. Accordingly, the trial court did not commit plain error in ordering Kelly to pay a two percent processing fee in addition to his arrearage payment.

**{¶14}** For the above reasons, the trial court did not err by concluding that Kelly was not entitled to the relief sought as a matter of law. Kelly's first and second assignments are overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING DEFENDANT-APPELLANT DID NOT PRESENT COMPETENT, CREDIBLE EVIDENCE THAT WOULD ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE THAT HIS PAYMENT FOR CHILD SUPPORT ARREARAGES SHOULD BE REDUCED.

**{¶15}** Kelly effectively argues that the trial court's decision was against the manifest weight of the evidence.

**{¶16}** Because this Court's resolution of the first and second assignments of error is dispositive, we decline to address the third assignment of error as it has been rendered moot for purposes of this appeal. *See* App.R. 12(A)(1)(c).

III.

**{¶17}** Kelly's first and second assignments of error are overruled. We decline to address his third assignment of error. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
<u>CONCURS</u>

DICKINSON, J.
<u>CONCURS IN JUDGMENT ONLY</u>

<u>APPEARANCES</u>:

ANDREW M. KORDUBA, Attorney at Law, for Appellant.

LAWRENCE J. COURTNEY, Attorney at Law, for Appellee.